Filed 1/5/23  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079569 |
| v. | (Super.Ct.No. RIF74491) |
| ROBERT LEE SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Dismissed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Lee Smith appeals from the denial of his petition to vacate his first degree murder conviction.  (See Pen. Code, § 1172.6.)[1]  His appointed counsel could not identify any arguable issue.  We gave him notice of that fact, and we gave him an opportunity to

---

**1**      All further statutory citations are to the Penal Code.

1

file a personal supplemental brief, but he has not done so.  Admittedly, under the Supreme Court's recent decision in *People v. Delgadillo* (2022) ___ Cal.5th ___ [2022 Cal. LEXIS 7654] (*Delgadillo*), our notice was "suboptimal."  (*Id*. at p. *3.) Accordingly, out of an excess of caution, we have carried out an independent review of the record.  However, we, too, cannot identify any arguable issue.  Hence, we will dismiss.

I

STATEMENT OF FACTS

According to our opinion in petitioner's direct appeal, in 1996, petitioner and two accomplices robbed a market.  "[Petitioner] was interrogated and admitted participating in the robbery and shooting [the store owner].  He made the same admissions during a surreptitiously recorded conversation with [his accomplices] . . . ."  (*People v. Smith* (2004) 2004 Cal. App. Unpub. LEXIS 11601 at pp. *2-*3 [nonpub. opn.].)  The probation report confirms that petitioner confessed to participating in the robbery and to shooting the victim.

II

STATEMENT OF THE CASE

In 2002, a jury found petitioner guilty of first degree murder (§ 187, subd. (a)) with an armed principal enhancement (§ 12022, subd. (a)(1)), a personal firearm use enhancement (§ 12022.5, subd. (a)), and a robbery-murder special circumstance (§ 190.2,

subd. (a)(17)(1)).  Appellate counsel concedes that petitioner was convicted on a felony murder theory.  He was sentenced to life without the possibility of parole plus five years.

In 2004, we affirmed the judgment.  (*People v. Smith*, *supra*, 2004 Cal. App. Unpub. LEXIS 11601.)

In July 2022, petitioner filed a petition to vacate his murder conviction and to be resentenced under section 1172.6.[2]  At a status conference, the trial court appointed counsel, then heard argument.

The prosecutor represented that petitioner "admitted to police . . . that he shot the victim."  He added that our opinion so stated.  Defense counsel said, "I confirm what counsel has said, . . . and I'll submit."

The trial court said, "The Court has clarified to its own education on the facts presented by the People."  It denied the petition because petitioner was the actual killer. (§ 189, subd. (e)(1), 1172.6, subd. (d)(3).)

III

DISCUSSION

Petitioner's appointed appellate counsel has filed a "no-issue" brief, purportedly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We offered petitioner an opportunity to file a personal supplemental brief, but he has not done so.

---

[2]     The petition cited former section 1170.95.  (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.)  Five days before it was filed, however, section 1172.6 went into effect.  It renumbered former section 1170.95, with no change in text.  (Stats. 2022, ch. 58, § 10.)

In an appeal from the denial of a section 1172.6 petition, *Wende* does not apply; we are not required to independently review the record in search of error. (*Delgadillo*, *supra*, 2022 Cal. LEXIS 7654 at pp. *7-*20.) Rather, if the petitioner has declined to file a personal supplemental brief, the appeal should be dismissed as abandoned. (*Id.* at pp. *3, *21-*22.)

Here, however, as in *Delgadillo* itself, the notice to petitioner was "suboptimal" in two respects — "it indicated that the *Wende* procedures would apply when they did not, and it did not inform [petitioner] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Delgadillo*, *supra*, 2022 Cal. LEXIS 7654 at p. *3.) However, also as in *Delgadillo*, "we determine, based on our independent review of the record, that [petitioner] is not entitled to any relief under section 1172.6," because he was the actual killer. (*Id.* at p. *24.)

Counsel indicates that he considered two issues.

First, did the trial court err by relying on facts set forth in our previous opinion? In general, the trial court can consider the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) However, it can consider a prior appellate opinion only as evidence of the procedural history of the case, not as evidence of the underlying facts. (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292.) Here, it is not clear that the trial court *did* rely on our previous opinion. The prosecutor stated, as a fact, that petitioner was the actual killer; then, he also stated that, according to our opinion, petitioner was the actual killer. Finally, the trial court indicated that it had

4

independently verified counsel's representations. Thus, the prosecutor and/or the trial court may have been relying on the entire record, not solely on our previous opinion.

Moreover, the prosecutor and defense counsel both agreed that petitioner was the actual killer. The trial court could properly rely on their agreement as tantamount to a stipulation. Thus, it had no need to consider our previous opinion at all.

And finally, the asserted error was harmless. It appears that petitioner *was* the actual killer. Thus, even if the trial court had considered the whole record, it would have come to the same conclusion.

Second, did appointed counsel render ineffective assistance by agreeing that petitioner was the actual killer? Again, because it appears that he was the actual killer, counsel's agreement was not ineffective assistance, because it did not fall below an objective standard of reasonableness (see *People v. Lewis*, *supra*, 11 Cal.5th at p. 968 [counsel may suggest that meritless petition be withdrawn]), and because it did not adversely affect the outcome of the proceeding. (See generally *People v. Ng* (2022) 13 Cal.5th 448, 522.)

We have considered a third issue: Did the trial court err by denying the petition summarily, without requiring the prosecution to file a response and without allowing petitioner to file a reply? (See § 1172.6, subd. (c).) Not allowing the prosecution to file a response could not have prejudiced petitioner. And, yet again, because it appears that petitioner was the actual killer, not allowing him to file a reply likewise could not have prejudiced him.

We have found no other conceivable — much less arguable — issue.

## IV

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

CODRINGTON

J.

SLOUGH

J.